**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DARREL CUMMINGS,**

    **Plaintiff,**

vs.                                            Case No. 4:07cv428-RH/WCS

**DEPT. OF CORRECTIONS, et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a *pro se* inmate, submitted a letter which was construed as an emergency motion for a preliminary injunction. Doc. 7. Plaintiff alleged he was physically injured by correctional personnel employed at Taylor Correctional Institution and was afraid for his life. *Id.* Plaintiff stated that he was charged with a inciting a riot and locked away in confinement to cover the actions of the corrections officers. *Id.* He reported his allegations of abuse to the Inspector and the Warden, and claims that since doing so, he has been threatened again on several occasions. *Id.* Plaintiff was given another disciplinary report following his complaint to the Inspector. *Id.* Even while in confinement, Plaintiff alleged the threats continued against him. *Id.* Plaintiff requested protection from the officers. *Id.*

Though the procedure was unusual, Plaintiff's allegations (if true) would constitute an emergency and, thus, an order was entered requiring a response to the motion for preliminary injunction. Doc. 9. The Secretary of the Florida Department of Corrections submitted a response, supported by an affidavit from the Warden of the institution where Plaintiff is housed. Doc. 11.

The Secretary has shown that an investigation into Plaintiff's allegations was undertaken and, though it is not complete, Plaintiff's allegations of abuse have not been substantiated. *Id.* Indeed, the supporting affidavit states that Plaintiff has threatened Sgt. Whiddon rather than the other way around (as alleged by Plaintiff). *Id.*; *see* attachment. The Warden's affidavit states that Plaintiff has "received disciplinary action for this threats as well as other violations of the Code of Conduct applicable to inmates." Doc. 11, attachment, ¶5. The affidavit further advises that because the Inspector General's Office is currently investigating Plaintiff's claims, the Office "has full authority to take all necessary measures to ensure" Plaintiff's safety. *Id.*, at ¶ 6.

**Analysis**

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

In this case, there does not appear to be a "substantial threat of irreparable injury if the injunction were not granted" as the Department of Corrections' Inspector General's Office is currently investigating Plaintiff's claims. In that process, Plaintiff may be placed in protective custody and other protections may be provided as deemed necessary.

Furthermore, it was noted in the order directing a response that Plaintiff's original complaint was not in the proper format and Plaintiff has been directed to submit an amended complaint. *See* doc. 9. In particular, Plaintiff must used short, numbered paragraphs so that a defendant may properly respond, and Plaintiff must use the court's complaint form. *Id.* Additionally, Plaintiff's allegations in the initial complaint reveal that he received a disciplinary report and lost gain time as a result of the charge. It is likely that Plaintiff's claim concerning an allegedly false disciplinary report, written to cover up allegations of abuse, will not be able to continue as it would be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) and Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).[1]  Thus,

---

[1] In Edwards v. Balisok, the Supreme Court held that a finding of guilty in a prison disciplinary proceeding that results in a loss of gaintime is a "conviction" which affects an inmate's period of incarceration. 117 S. Ct. at 1589. Therefore, in an extension of

Plaintiff has not shown a substantial likelihood of success on the merits.  Because Plaintiff has not met all of the prerequisites for injunctive relief, the instant emergency motion for a preliminary injunction, doc. 7, must be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's emergency motion for a preliminary injunction, doc. 7, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 29, 2007.

  s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

the ruling from Heck, the Court concluded that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of goodtime credits was not cognizable under § 1983.

Case No. 4:07cv428-RH/WCS