# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DARREL CUMMINGS,**

    Plaintiff,

vs.                               Case No. 4:07cv428-RH/WCS

**WARDEN DUFFIE HARRISON,**
**SGT. MATTHEW T. WHIDDON,**
**OFFICER R.L. DURHAM,**
**and MATT FOUNTAIN,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, an inmate who is *pro se* in this civil rights action, filed a motion for a temporary restraining order, doc. 119, supported by his affidavit. Defendants were directed to file their response on or before **March 8, 2010**. Doc. 120. As Defendants were advised, "[p]ursuant to the local rules of this Court, the failure to file a response may be grounds for granting the motion." Doc. 120, *citing* N.D. Fla. Loc. R. 7.1. No response has been filed.

Plaintiff's motion alleges that he has been transferred to Mayo Correctional Institution within the Florida Department of Corrections. Doc. 119. Plaintiff states that Defendant Fountain is now employed at Mayo Correctional Institution as well. *Id.*

Plaintiff alleged that in a "recent" (but unspecified) pat-frisk, Defendant Fountain said, "I can't get him and he was going to get me first." *Id.*, at p. 3. Plaintiff suggests that Defendant has, in the past, issued Plaintiff a false disciplinary report causing him to be placed on long-term solitary confinement for approximately a year. *Id.*, at 4. Plaintiff contends that if he is placed in solitary confinement in the future, he could be subjected to further abuse by prison officials and will lose law library access. *Id.* Plaintiff requests a transfer from Mayo Correctional Institution and closer to his family. Doc. 119-1, p. 12.

Plaintiff also attached a declaration to the motion which provides additional factual allegations of the history between Plaintiff and various officers. Doc. 119-1. Plaintiff's history, however, is not recent history. The events described end on December 22, 2008. *Id.*, at 11-12. Plaintiff's allegations in both the motion and supporting affidavit are insufficient to support the motion for an injunction. There is no demonstration of any *recent* events that suggest there is a substantial likelihood that Plaintiff currently faces physical danger from Defendant Fountain, who is now employed at the same institution where Plaintiff is confined. Simply alleging that a Defendant works where Plaintiff is incarcerated is insufficient to form the basis for relief. Indeed, this motion reveals only that Plaintiff desires to be transferred closer to his family.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Plaintiff's motion fails to demonstrate a substantial threat of irreparable injury by Defendant Fountain. The motion should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order and preliminary injunction, doc. 119, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 11, 2010.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:07cv428-RH/WCS